## THE CHICAGO CITY RAILWAY COMPANY
### *v.*
### WILLIAM B. CREECH.

*Opinion filed February 17, 1904.*

1. TRIAL—*scope of cross-examination is largely within the discretion of trial court.* The scope of cross-examination is largely within the discretion of the trial court, being governed by the direct testimony of the witness and the circumstances attending the giving of his evidence.

2. SAME—*witness may be cross-examined as to all bearings of his direct testimony.* A witness may be cross-examined as to his direct testimony in all of its bearings, and as to whatever goes to explain, modify or discredit the same.

3. SAME—*counsel entitled to reasonable latitude in argument to jury.* In argument to the jury counsel are entitled to make reasonable comment upon the evidence and the conduct of witnesses, it being a question largely in the discretion of the trial court whether, under the circumstances, alleged abuse by counsel of such privilege should be ground for new trial.

4. SAME—*when absence of judge from the court room will not reverse.* Retirement of the trial judge from the court room to chambers, leaving the door open, while the argument to the jury was going on, although not approved practice, is not ground for reversal, where no rights of the parties were prejudiced thereby.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RUSSELL P. GOODWIN, Judge, presiding.

WILLIAM J. HYNES, and WATSON J. FERRY, (MASON B. STARRING, of counsel,) for appellant.

WING & WING, and ELA, GROVER & GRAVES, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This action on the case was brought by appellee, against appellant, in the circuit court of Cook county, to recover damages for personal injuries alleged to have been sustained through the negligent management of one of its cars by its employees.

Between five and six o'clock on the afternoon of July 6, 1897, the plaintiff, who was an iron and brass molder employed in the city, boarded a car of the appellant company on South Halsted street to go to his home. The car was so crowded with passengers that he was compelled to ride upon the foot-board, which he did, on the west side of the car, near the front. It was southbound, and the injury occurred about one hundred and fifty feet south of Thirty-fourth court, at which place there is a double track, the distance from the west rail to the curb on Halsted street being about fifteen and one-half feet. In front of a coal office stood an express wagon, with the horse facing south. A large coal or ice wagon came into Halsted street from Thirty-fourth court and turned south on the west side of the street, and as it came near the express wagon the driver turned his team to the east, for the purpose of passing around that wagon. As he was passing the express wagon the car came from the north, and struck the wagon in such a manner as to injure the plaintiff by pressing him between

207—26

the coal wagon and one of the posts of the car, fracturing his ribs, collar bone and otherwise severely injuring him. Upon a trial by jury, verdict and judgment were rendered in his favor for $4500, which have been affirmed by the Appellate Court, and hence this appeal.

But three grounds of reversal are here urged: First, that the trial court erred in excluding and in admitting evidence; second, appellant was deprived of a fair and impartial trial because of improper remarks and conduct of counsel for appellee; and third, the trial court erred in the refusal of instructions asked on behalf of appellant.

Under the first head it is contended that the court erred in restricting cross-examination of appellee and his witnesses, and in permitting appellee's counsel to cross-examine appellant's witnesses upon matters not covered by their examination in chief. We have examined the record for the purpose of ascertaining whether or not improper evidence was admitted on behalf of the plaintiff or proper evidence excluded on behalf of the defendant, and without attempting to discuss the question here, it is sufficient to say that no reversible error was committed in that regard.

The principal complaint of counsel for appellant is as to the ruling of the court on the cross-examination of witnesses. Many of the objections were simply that the questions were not proper cross-examination. The scope of a cross-examination is necessarily largely within the discretion of the trial court, being governed by the direct testimony of the witness and other circumstances attending the giving of his evidence, and it has been held to be erroneous for the trial court to restrict the cross-examination to the extent of preventing the party from going only into the matters connected with the examination in chief, it being his right to elicit suppressed facts which weaken or qualify the case of the party introducing the witness or supporting the case of the party cross-examining. A witness may be cross-examined as

to his direct testimony in all of its bearings, and as to whatever goes to explain or modify or discredit what he has stated in his first examination. (1 Thompson on Trials, sec. 405, p. 367.) This rule has been often recognized and approved by this and other courts. We think the cross-examination in this case on either side was substantially in compliance with correct rules of evidence, and that no error was committed by the trial court in his rulings in that regard. Nor do we find any substantial fault with the conduct of counsel for plaintiff in his manner of examining the witnesses, as objected by counsel for appellant. Doubtless on either side there was some objectionable conduct by counsel, but not such as calls for any criticism here.

Under the second point it is insisted that, in the argument to the jury, counsel for appellee went outside the record and commented on matters upon which there was no evidence, and made unwarranted appeals to class prejudice for the purpose of prejudicing the jury. We have held that in the argument of cases to juries, attorneys must be allowed to make reasonable comment upon the evidence and upon the conduct of witnesses giving their testimony; that the interest of public justice requires that counsel should not be subjected to any unreasonable restraint in this regard; that the matter is one which must be left largely to the sound discretion of the presiding judge, it being for him to say, under all the circumstances of the case and in view of the remarks preceding the argument objected to and the temper and character of the jury, whether or not a new trial should be granted for the misconduct of counsel by way of improper argument to the jury. (*North Chicago Street Railroad Co.* v. *Cotton,* 140 Ill. 486; *Illinois Central Railroad Co.* v. *Beede,* 174 id. 13; *West Chicago Street Railroad Co.* v. *Annis,* 165 id. 475; *North Chicago Street Railroad Co.* v. *Anderson,* 176 id. 635.) We have read the argument of counsel so far as it appears in the abstract of the record, and are of the opin-

ion that no substantial error was committed by the court in refusing a new trial on that ground.

Under this same head it is further contended that the presiding judge was absent from the court room during the argument to the jury, and therefore failed to pass upon all the objections interposed by the appellant. It appears from the record that at the beginning of the argument a large number of instructions were handed by counsel for appellant to the judge to be given to the jury, and he retired to his chambers to look them over, leaving the door between him and the court room open, through which he could see and hear what was going on in the court room. We do not wish to be understood as approving of the practice, but think, as we have frequently held, that the presiding judge should be present in the court room during the entire trial, unless it should become necessary for him to be absent, in which case he should suspend the trial until his return. The record, however, here shows that the violation of this rule was but technical and that no rights of the parties were prejudiced thereby. We do not think that reversible error is shown by the absence of the trial judge.

The third ground of reversal urged, as above stated, is the ruling of the court upon instructions. The record shows that no instructions whatever were asked or given on behalf of plaintiff and that twenty-six were offered by counsel for the defendant. Those given at its instance covered, we think, every substantial feature of the case. The complaint of the modification of the two instructions pointed out in the opinion of the Appellate Court by ADAMS, J., and the refusal of a third, is fully and fairly considered and disposed of by that opinion, and we fully concur therein.

There are no reversible errors of law in this record, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*