Star Service and Petroleum Company, Plaintiff-Appellant, v. A. D. Short, Defendant-Appellee.

Gen. No. 9,737.

Opinion filed May 31, 1951. Rehearing denied September 27, 1951. Released for publication September 27, 1951.

JAMES H. MANNS, and ANTHONY MANUELE, both of Springfield, for appellant.

HARRIS & HARRIS, of Lincoln, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

The plaintiff appeals from a verdict of not guilty returned by a jury, and from the order of the circuit court of Logan county overruling the motion for a new trial, and, in the alternative, for judgment notwithstanding the verdict.

The appellant, Star Service and Petroleum Company, an Illinois corporation, whom we will herein refer to as the plaintiff, sought damages from the appellee A. D. Short, whom we will herein refer to as the defendant, for the complete destruction of a trailer and its cargo of gasoline and kerosene, and for damages to the tractor of the unit, as well as for the loss of use of the equipment. The parties are somewhat in accord as to what the evidence shows the facts to be.

On November 19, 1946, Illinois Highway Number 121, running northerly and southerly, intersected at right angles Illinois Highway Number 119 in the farm district of Logan county. There are no buildings at this intersection to obstruct the view. Each highway is a two lane paved road, 20 feet wide, with a black line in the center to provide one lane of traffic in each direction. At the intersection concrete aprons widen each road to about 170 feet, and provide curves to aid in turning vehicles from one highway to the other.

The accident occurred on November 19, 1946, about 10:30 A.M., when the tractor and trailer fuel truck of the plaintiff was being driven by an employee, Walter Nettles, southward on Route 121, approaching the intersection, and the defendant, A. D. Short, was driving his Plymouth automobile, pulling a trailer loaded with logs of wood, westerly on Route 119. The pavement was dry and the day was clear.

The defendant Short did not testify in his own behalf, nor was he called as a witness under Section 60 of the Civil Practice Act, by the plaintiff. The court, however,

over the objection of the defendant, permitted a court reporter, Mary Kelly, to testify as to what the defendant, A. D. Short, said at the coroner's inquest. He there testified that he was involved in an accident on November 19, 1946, that on that occasion he was pulling a two-wheeled trailer behind his car, and that as he started across the road he didn't know whether he struck another car, or the other car struck him, and he didn't remember seeing anything in front of him.

Highway Patrolman William Awe testified that at the time of the accident he was 800 feet south of the intersection, and he saw the plaintiff's truck when it was 400 feet north of the crossing, traveling south, and that it was on the apron on the northwest side of route 121. He testified that he did not see the defendant's car before he saw the fuel truck jack knife to the east, roll over three times and burst into flames. On redirect examination the witness said that the fuel truck did not stop at any time coming down route 121 from the north until it rolled over the third time. On the theory of there being no eyewitness, the court allowed the plaintiff to present evidence of habits of due care as to the driver of their truck, who died the day of the accident.

The court permitted Mary Kelly, court reporter at the inquest to testify on cross-examination at the instance of the defendant as to the answers of Short to the question of the coroner "Will you tell the jury in your own words just what happened, all you remember about it?" The court reporter then read to the jury the answers which the defendant Short gave at the coroner's inquest.

██ It is the contention of the plaintiff that to permit this question and answer was error, as it was a self-serving statement of the defendant. The defendant, on the other hand, urges that the trial court correctly permitted the question as being within the scope of the

direct examination, and a matter to which the door had been opened by the plaintiff on direct examination. This latter position is more tenable, as the cross-examination permitted a full disclosure of what Short told the coroner's jury he saw at the time of the accident. The plaintiff might well have anticipated such disclosure in calling the court reporter as a witness.

. ██ ██ In *Chicago City Railway Co. v. Creech,* 207 Ill. 400, the court said at page 402:

"The scope of a cross-examination is necessarily largely within the discretion of the trial court, being governed by the direct testimony of the witness and other circumstances attending the giving of his evidence, and it has been held to be erroneous by the trial court to restrict the cross-examination to the extent of preventing the party from going only into the matters connected with the examination in chief, it being his right to elicit suppressed facts which weaken or qualify the case of the party introducing the witness or supporting the case of the party cross-examining. A witness may be cross-examined as to his direct testimony in all of its bearings, and as to whatever goes to explain or modify or discredit what he has stated in his first examination."

██ In this regard the following from *Phares v. Barber,* 61 Ill. 271 is influencing. The court said at page 275:

"It is also a well settled rule that, where a witness details a conversation, the party against whom the evidence is offered is entitled to the whole of the conversation, and any action of the court which prevents its obtainment violates this rule of law."

██ With no eyewitnesses to the accident to aid the jury, they are compelled to resort to circumstantial evidence to arrive at their conclusions. The opportunity of the jury to see and hear the witnesses who were in attendance, to view the numerous photographs

admitted in evidence, thirteen in number, and with the facts of the accident as stated above, this court must accept the result of the jury as within the realm of what reasonable folks might conclude, and it is not against the manifest weight of the evidence.

■ Defendant's Instruction No. 1 is one of ten assigned as error. This instruction enumerates what the plaintiff must prove to recover. It commences ''The court instructs the jury that the plaintiff cannot recover at all in this case against the defendant unless . . . .'' We disagree that to include in the above the two words ''at all'' minimizes and tends to cast doubt upon the right of the plaintiff to recover. The words seem unnecessary, but are not misleading or prejudicial.

■ The same instruction states that the plaintiff has a burden of proving that the negligence of the defendant was the proximate and direct cause of the damage complained of by the plaintiff. The plaintiff contends that to use the words ''proximate and direct'' rather than ''proximate or direct'' places an unintended burden upon the plaintiff. Such is not the case, as the words are, when submitted in this light to the jury, synonymous and not confusing. This exact instruction was upheld in *Chicago City Railway Co. v. O'Donnell,* 208 Ill. 267.

■ Defendant's Instruction No. 2 relates to the burden of proof and concludes that this rule ''. . . is binding in law and must govern the jury in deciding this case. The jury have no right to disregard this rule or to adopt any other in lieu thereof, but in weighing the evidence and in coming to a verdict, the jury should apply said rule and adhere strictly to it.'' These concluding words in an instruction were considered as argumentative, and served to unduly emphasize the rules of law stated in such an instruction. *Alexander v. Sullivan,* 334 Ill. App. 42, on pages 45 and 46. What

was said there about this particular instruction is true, but that case was reversed on account of the great number of erroneous instructions given. This court said in the case of *Chism v. Decatur Newspapers, Inc.,* 340 Ill. App. 42, at page 50, when discussing this instruction, "We are still of the opinion that such an instruction should not be given." However, we are of the opinion under the facts in the instant case, and with the jury otherwise well instructed, that such an instruction could not have misled the jury, and was not prejudicial or in and of itself reversible error.

██ Defendant's Instruction No. 3, after defining negligence, directed a verdict for defendant if they believed the actions of the defendant, at and immediately prior to the time of the accident in question, were those of a reasonable and prudent person under similar circumstances. The plaintiff feels that the instruction ignores the question of whether the defendant was guilty of negligence in placing himself in that situation, and *Edwards v. Hill-Thomas Lime Co.,* 378 Ill. 180, at 187, is claimed as authority for that position. That the *Edwards* case, *supra,* contains no limitation as to time, as does the case at bar, in the use of the words "at and immediately prior to the time of the accident" and as such is distinguishable, is supported by *Slovinski v. Beasley,* 316 Ill. App. 273. When the instruction refers to the defendant's conduct at and immediately prior to the accident, it would of necessity include the conduct of the defendant in placing himself in a position of danger out of which the collision might have arisen. This instruction is here approved, as it has been in substance by our Supreme Court in many cases. *Pierson v. Lyon and Healy,* 243 Ill. 370; *South Chicago City Ry. Co. v. Kinnare,* 216 Ill. 451; *Chicago City Ry. Co. v. O'Donnell, supra.*

██ Defendant's Instruction No. 6 relative to preponderance of evidence and how it is determined is

criticized as being unnecessary, as it is claimed there is no conflict in the testimony of the witnesses. If the instruction was unnecessary the giving of it was harmless, as it was a correct statement of the law.

There are other instructions given at the request of the defendant which are claimed by the plaintiff to be in error. After carefully considering them, together with all the instructions given, we find no error.

We find that the jury was sufficiently well informed as to the law, in view of all of the facts of the case, and find no error such as would necessitate a reversal of the judgment as entered.

The judgment of the circuit court of Logan county is affirmed.

*Affirmed.*