**Nicholas R. Dispenza, et al., Plaintiffs-Appellants, v. George Picha, Defendant-Appellee.**

**Gen. No. 51,095.**

First District.

August 28, 1968.

Barbera & Friedlander, of Chicago (Dom J. Rizzi and Noah Walker, of counsel), for appellants.

Neil K. Quinn, Pretzel, Stouffer, Nolan & Rooney, of Chicago (Joseph B. Lederleitner, of counsel), for appellee.

MR. JUSTICE CRAVEN delivered the opinion of the court.

Plaintiffs brought personal injury actions to recover damages occasioned in an automobile accident. The jury returned a verdict in favor of the defendant in each case and the plaintiffs' motion for a new trial was denied. The plaintiffs claim the trial court committed error in failure to grant a new trial for the errors alleged in the post-trial motion.

The evidence in the case indicated that the defendant was traveling east in his car on a through highway. The

plaintiffs' car, going north, proceeded out from a stop sign in front of the defendant in such a manner that the front of the defendant's car struck the left-hand side of the car containing the plaintiffs. The impact occurred in the eastbound lane of the road the defendant was traveling on and in the northbound lane of the highway the plaintiffs were traveling on.

The plaintiffs were unfamiliar with the route they were traveling. The accident occurred shortly after midnight following a charity event at the Butterfield Country Club in Du Page County. The plaintiffs were returning to Chicago, where they resided, and the driver of their car, Nicholas R. Dispenza, did not know the route home. They were following another car being driven by someone familiar with the road.

No question is raised on the pleadings and no contention is made that the verdict is contrary to the manifest weight of the evidence. The errors complained of relate to the admission of testimony of the investigating deputy sheriff on cross-examination by defendant's counsel concerning statements on the sheriff's report attributed to the defendant at the scene of the accident; the giving of certain instructions at the request of the defendant and the refusal to give certain instructions tendered by the plaintiffs; and the alleged prejudicial effect of a portion of the opening statement of defendant's counsel to the jury.

The investigating deputy sheriff was called as a witness on behalf of the plaintiffs and was asked, on direct examination, concerning a conversation with the defendant Picha at the scene. His testimony was to the effect that he believed Picha said he did not see the (plaintiffs') car and that is what caused the accident. The deputy had previously, at the request of plaintiffs' counsel, referred to his report to refresh his recollection concerning occupants of the plaintiffs' car. When cross-examined, defendant's counsel asked him how his report was made

and he indicated it was made from a freehand report in pencil that he made at the scene. He further stated that his report identified the vehicles by numbers, and No. 1 was the Ford automobile of the defendant and No. 2 was the Dispenza car. Thereafter defendant's counsel said: "Take a look at that report and see if Car No. 1 didn't tell you—that would be Mr. Picha, driver of Car No. 1— . . . Officer, did not Driver No. 1 state to you that Car No. 2 did not come to a complete stop and pulled in front of Car No. 1? . . ." This question was objected to on the ground that the statement when made would be self-serving.

■ Since plaintiffs' counsel, on direct examination, had inquired about a statement attributed to the defendant at the scene in a conversation between the officer and the defendant, defendant's counsel had the right, without question, to inquire into any further aspects of this conversation. The cross-examination related to the movement of the vehicles involved as described by the defendant at the scene, which was the same subject matter as the question asked by defense counsel. When the deputy answered the question in the affirmative and admitted that the defendant at the scene had said the plaintiffs' car had pulled in front of him, despite the self-serving nature of the defendant's statements, they were admissible as part of the transaction inquired into by the plaintiff.

Objection was made also that the question of defendant's counsel was an attempt to give the sheriff's report the status of direct evidence. The question itself is not clear. However, the trial court asked defendant's counsel, "Are you asking him whether or not car number one said something?" and prior to the witness' answer, defendant's counsel indicated that was the purpose of the question.

Viewed in the context of the trial, prior use of the police report for refreshing recollection, the testimony of the witness on direct examination, and the colloquy between

court and both counsel, the question asked was not objectionable and the answer given was admissible.

In a similar situation, when a court reporter was asked on direct examination to relate certain answers a defendant gave at a coroner's inquest, the trial court, on cross-examination, allowed the witness to give all the defendant's answers on the same subject which she had taken down at the inquest. The Appellate Court held:

> "It is the contention of the plaintiff that to permit this question and answer was error, as it was a self-serving statement of the defendant. The defendant, on the other hand, urges that the trial court correctly permitted the question as being within the scope of the direct examination, and a matter to which the door had been opened by the plaintiff on direct examination. This latter position is more tenable, as the cross-examination permitted a full disclosure of what Short told the coroner's jury he saw at the time of the accident. The plaintiff might well have anticipated such disclosure in calling the court reporter as a witness.
>
> "In Chicago City Railway Co. v. Creech, 207 Ill 400, at page 402, 69 NE 919, the Court said: 'The scope of a cross-examination is necessarily largely within the discretion of the trial court, being governed by the direct testimony of the witness and other circumstances attending the giving of his evidence, and it has been held to be erroneous for the trial court to restrict the cross-examination to the extent of preventing the party from going only into the matters connected with the examination in chief, it being his right to elicit suppressed facts which weaken or qualify the case of the party introducing the witness or supporting the case of the party cross-examining. A witness may be cross-examined as to his direct testimony in all of its bearings, and

114

as to whatever goes to explain or modify or discredit what he has stated in his first examination.'

"In this regard the following from Phares v. Barber, 61 Ill 271 is influencing. The court said at page 275 of 61 Ill: 'It is also a well settled rule that, where a witness details a conversation, the party against whom the evidence is offered is entitled to the whole of the conversation, and any action of the court which prevents its obtainment violates this rule of law.'" . . . Star Serv. & Petroleum Co. v. Short, 344 Ill App 280, 100 NE2d 664, 665–66 (3d Dist 1951).

The trial court gave, at defendant's request, an instruction in the form of IPI 60.01 on the statutory right-of-way at a through highway. That instruction is as follows:

"There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:

" 'The driver of a vehicle shall stop as required by this Act at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed at such time as a safe interval occurs.'

"If you decide that a party violated the statute on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not a party was contributorily negligent at or before the time of the occurrence."

The trial court also refused to give plaintiffs' instructions 18 and 19. Plaintiffs' instruction 18 reads:

"If you find from the evidence that Nicholas R. Dispenza stopped the automobile he was driving in accordance with the stop sign on Midway Road, and at the time he started to cross 22nd Street, vehicle traffic on 22nd Street was at such a distance from the intersection that it would not, if driven at reasonable speed, have reached the intersection before Nichols R. Dispenza, if driving with ordinary care would have safely crossed the intersection, then you are instructed that the automobile Nicholas R. Dispenza was driving had the right of way."

Plaintiffs' instruction 19 reads:

"The aforesaid statute does not confer an absolute right of way regardless of all circumstances on the party traveling on a preferential highway. A person approaching a stop sign for a preferred highway is not required to remain stopped at the stop sign or at the intersection line, long enough to permit every car that he observes on the highway to pass, regardless of its distance from the intersection. The statute requires only that the motorist confronted by a stop sign may, exercising reasonable care, proceed across the intersection after he has stopped and yielded the right of way to such vehicles on the through highway as constitute an immediate hazard.

"The law does not provide a precise formula for determining whether a particular vehicle has conformed to set standards; that question must be determined by the jury and involves consideration as to relative speeds and distances of the vehicles from the intersection."

■ ■ No error was committed by the trial court in ruling on these instructions. Plaintiffs' instructions 18

and 19 are both repugnant to the present Illinois practice on instructions. Instruction 18 emphasizes the plaintiffs' theory of the case and argues facts in relation to the law. Instruction 19 contains less evidentiary material but more argument. Both instructions, if given, would place the judge in the position of an advocate for the plaintiffs' side of the case. Defendant's instruction "N" is a concise statement of the statutory standard imposed by the legislature. By its terms, it could only apply to the *driver* of a vehicle and by the evidence could only apply to the plaintiff-driver, Nicholas R. Dispenza. Aspland v. McMaster, 39 Ill App2d 366, 188 NE2d 508 (2nd Dist 1963).

Plaintiffs' additional contention that the IPI instruction raised a false issue by appearing to require a passenger to comply with the statute or be guilty of contributory negligence is completely without foundation in the record. The instruction makes no reference to the duty of any of the passengers and only refers to the duty of the driver.

Plaintiffs' counsel ably argued the severability of the various plaintiffs' claims and, in addition, the court instructed the jury that they were in fact and in law separate. Specifically, the court gave IPI 72.03 instructing the jury that if they were to find negligence on the part of the plaintiff-driver, such negligence could not be charged to the plaintiff passengers. Our review of this record reveals nothing said by the defendant's counsel that invited the jury to determine the standard of care owed by the passengers in the Dispenza car to be the same as that of its driver. We find no error in the instructions given or refused.

With reference to the activity of the plaintiffs prior to the accident, defendant's counsel, in his opening statement to the jury, stated that the party of six had arrived at the Butterfield Country Club to attend a charity event at about 6:00 p. m. or 6:30 p. m. In his opening statement he then continued: "I believe the evidence will

show that alcoholic beverages were served at that particular—." At this point plaintiffs' counsel interposed an objection and urged that unless the defendant was prepared to prove that the plaintiff, Nicholas R. Dispenza, was drinking, he would make a motion to withdraw a juror. No such proof was ever made and the trial court, having reserved ruling on that motion, was never asked thereafter to rule prior to verdict. The jury was instructed, however, at the plaintiffs' request, that arguments, statements and remarks of counsel were not evidence and that arguments, statements or remarks not based upon the evidence were to be disregarded.

The judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

SMITH, P. J. and TRAPP, J., concur.