SABRA REHAK, Plaintiff-Appellee, *v.* THE CITY OF JOLIET, Defendant-Appellant.

Third District   No. 76-402

Opinion filed September 28, 1977.

Thomas M. Monahan, of Joliet, for appellant.

Noel C. Lindemuth and Anthony V. Fanone, both of Horwitz, Anesi, Ozmon & Assoc., Ltd., of Chicago, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-appellee, Sabra Rehak, commenced this action in the circuit court of Will County seeking to recover damages for personal injury from defendant-appellant, City of Joliet. After a jury trial, the issues were found in favor of the plaintiff and a verdict was returned in the amount of $36,000. Judgment was entered on the jury's verdict and defendant's post-trial motions were denied.

On February 4, 1975, the plaintiff, Sabra Rehak, in the company of William Minor, her ex-husband, was walking in an easterly direction in the south crosswalk of Chicago Street at Van Buren in the City of Joliet. The intersection is controlled by a traffic device and the plaintiff and her companion had to wait a short while at the southwest corner for the traffic light to change to allow pedestrians to proceed. The plaintiff was walking across Chicago Street in the designated crosswalk. When she reached three-quarters of the way across, she noticed an automobile come up to the corner on Van Buren Street traveling in a westerly direction. This auto was moving when she first observed it. The automobile had its directional signal operating at the time. The plaintiff

looked at the automobile and as she did so, she stepped into a hole and was "pitched forward" and fell on her right knee. When the plaintiff fell, her companion, William Minor, was holding her arm and was also pulled down to his knees by the plaintiff's body weight. The weather was clear and dry, the street contained no water, snow, ice or debris. The plaintiff immediately felt the pain after her fall on the right knee. The automobile that had been coming from Van Buren Street stopped when the plaintiff fell and no contact was made between it and the plaintiff. An ambulance arrived at the scene 10 minutes after her fall and the plaintiff was transported to the Silver Cross Hospital in Joliet. At the hospital emergency room, the plaintiff was examined by Dr. Rentschler and after he examined her, she was confined as an in-patient in the hospital. Surgery was performed on the plaintiff's right knee by Dr. Rentschler on the day following her accident and the plaintiff remained as a bed patient in the hospital for 11 or 12 days. A cast was applied to the plaintiff's right leg from above the knee to the ankle. At the time of trial plaintiff still complained of pain and limited movement of her knee.

There was evidence of holes in the south crosswalk in the area where plaintiff fell. However, further evidence regarding the occurrence need not be detailed here because there are no questions raised concerning the sufficiency of the evidence to support the jury's verdict.

On this appeal the defendant City makes two assignments of error. First, the court erred in the giving of an instruction and second, the court erred in its refusal to allow the testimony of an expert defense witness.

With respect to the instructional issue, the plaintiff at the conference on instructions tendered her instruction number 12 which is IPI 10.04. (Illinois Pattern Jury Instructions, Civil, No. 10.04 (2d ed. 1971).) The instruction provided: "It was the duty of the defendant, before and at the time of the occurrence, to use ordinary care for the safety of the [p]laintiff." The only objection interposed to this instruction was the observation by defense counsel "This instruction should not be used because 140.01 should be used because it does not define what the decree of certainty is. This certainty is not the same as any adult authority different [*sic*]. Therefore, I feel this instruction should not be given." The next instruction, plaintiff's number 13, was tendered and given by the court without objection by defendant. Instruction number 13 embodied IPI 140.01. This latter instruction is more specifically applicable to cities and villages.

■■■ In its reply brief the City concedes its quoted objection to the giving of instruction number 12 is "obscure." Since IPI 140.01 was given thereafter without objection, the record at the instruction conference fails to disclose any reasons required by Supreme Court Rule 239(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 239(b)) for the impropriety of the instruction.

While we doubt that it is desirable to give both instructions on the same subject matter expressed in slightly different terms, we do not find the instructions to be contradictory or confusing. Considering the instructions as a whole, we believe the instructions adequately present the issues and applicable law. (*Sphatt v. Tulley*, 38 Ill. App. 2d 229, 186 N.E.2d 670, and *Hedge v. Midwest Contractors Equipment Co.*, 53 Ill. App. 2d 365, 202 N.E.2d 869.) From the record we find that no error was committed by the trial court in giving the instruction complained of.

Next the defendant argues the court erred in refusing to permit expert medical testimony which according to the defendant, would have shown the plaintiff's fall could or might have been caused by the disease of diabetes which the plaintiff had at the time of her fall.

During its case in chief, the defendant called plaintiff under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 60) and sought to elicit questions from the plaintiff about her diabetes. The court permitted the questioning outside the presence of the jury as a foundation for the testimony of her personal physician, Dr. Rubino. Dr. Rubino was also called by the defendant and when it appeared that his testimony also related to the diabetes, the court required that the doctor be inquired of by way of an offer of proof outside the presence of the jury before he would make any ruling on the propriety of the proposed expert medical testimony.

■■ After reviewing the proposed testimony of Dr. Rubino, it is our conclusion the court acted properly in excluding his proffered testimony. Dr. Rubino had been the plaintiff's personal physician for many years and he detailed her medical history so far as the plaintiff's health problems were concerned. She had several periods of ill health relating to colds, arthritis, arteriosclerosis, as well as diabetes. The tenor of the questions and answers of this witness was that the existence of diabetes could or might have caused the plaintiff to fall, although the witness had no personal knowledge of the plaintiff's condition on the date of the fall. In his testimony it was clear the doctor was talking only in terms of possibilities without any medical reasons suggesting a direct relationship between the disease and fall. In *Gariti v. Karlin*, 127 Ill. App. 2d 166, 262 N.E.2d 179, the court concluded, as we do, that the evidence of the prior condition of diabetes was not in and of itself a sufficient medical reason for establishing any causal connection between the disease and a later incident. We believe the rule in *Gariti* is equally applicable to the facts of this case.

The defendant has directed our attention mainly to three cases: *Nowicki v. Union Starch & Refining Co.*, 1 Ill. App. 3d 92, 272 N.E.2d 674; *Theesfeld v. Eilers*, 122 Ill. App. 2d 97, 258 N.E.2d 39, and *Sherman v. City of Springfield*, 77 Ill. App. 2d 195, 222 N.E.2d 62. We have no

728

quarrel with these cases, but in our view they are inapplicable because they do not respond to the issue raised in *Gariti v. Karlin*, 127 Ill. App. 2d 166, 262 N.E.2d 179, which is the necessity of establishing the relationship of causation between the medical testimony and injury. See *Simpson v. Johnson*, 45 Ill. App. 3d 789, 360 N.E.2d 144.

For the foregoing reasons the judgment of the circuit court of Will County is affirmed.

Judgment affirmed.

ALLOY, P. J., and BARRY, J., concur.