**UNITED STATES of America ex rel. William STAMPS, Petitioner,**

v.

**Neil F. HARTIGAN, Respondent.**

**No. 83 C 8475.**

United States District Court, N.D. Illinois, E.D.

June 20, 1984.

Robert J. McDonnell, Chicago, Ill., for petitioner.

Neil F. Hartigan, Atty. Gen., State of Ill. by David Bindi, Asst. Atty. Gen., Chicago, Ill., for respondent.

## MEMORANDUM ORDER

BUA, District Judge.

Following a jury trial in the Circuit Court of Cook County, William Stamps was convicted of possession and illegal delivery of more than 30 grams of cocaine and more than 30 grams of heroin. The Illinois Appellate Court affirmed the conviction. *People v. Stamps*, 108 Ill.App.3d 280, 63 Ill. Dec. 919, 438 N.E.2d 1282 (1982). Leave to appeal was denied by the Illinois Supreme Court.

Stamps filed this petition for writ of habeas corpus claiming that the trial court denied him due process of law by refusing to allow a requested jury instruction as to the theory of his defense. Presently before the Court is the State's motion for summary judgment. Jurisdiction is invoked pursuant to 28 U.S.C. § 2254. For the reasons stated below, the State's motion for summary judgment is granted, and the petition for a writ of habeas corpus is denied.

## I. FACTS [1]

On January 5, 1981, William Stamps was convicted by a jury of the Circuit Court of Cook County of possession and delivery of more than 30 grams of cocaine and more than 30 grams of heroin. (Tr. 1300–1301).[2] The trial judge sentenced Stamps to two concurrent terms of 15 years imprisonment. (Tr. 1333). Stamps' only defense at trial was that he was innocently present in a room containing a controlled substance when police officers found him while in pursuit of a suspected drug dealer. Stamps argued this defense during opening (Tr. 167 *et seq.*) and closing (Tr. 1227 *et seq.*) statements of the trial.

Having presented his defense, Stamps requested that the trial court instruct the jury that mere presence at the scene would constitute a defense to the charges. (Tr. 1116). The requested jury instruction reads: "Mere presence in a room where narcotics are found is insufficient to prove possession." (Tr. 1116). This requested instruction is a non-Illinois Pattern Jury Instruction ("non-IPI"). The State objected to Stamps' requested instruction and the trial court sustained the State's objection. (Tr. 1119). No clear reason was given for the rejection by the trial court. (Tr. 1116–1120).

The jury instructions allowed by the trial court, in part, are as follows:

Possession is a voluntary act if the offender knowingly procured or received the thing possessed, or was aware of his control thereof for a sufficient time to have been able to terminate his possession. [State's No. 11, Illinois Pattern Jury Instructions, Criminal, No. 4.15 (1968)].

A person commits the offense of possession of a controlled substance when he or she knowingly and unlawfully possesses a controlled substance. [State's No. 14 (non-IPI)].

A person is in possession of a thing when it is knowingly in his or her immediate and exclusive control.

Possession may be actual or constructive. When a person knowingly has direct physical control over a thing, he or she is then in actual possession. A person who lacks actual physical possession of a thing but who has control over the area where a thing is found, (either directly or through another person) is then in constructive possession.

Such control may be shared jointly with others and still be exclusive. [State's No. 15 (non-IPI)].

To sustain the charge of possession of a controlled substance, the State must prove the following proposition:

That a defendant knowingly and unlawfully possessed 30 grams or more of a controlled substance.

If you find from your consideration of all the evidence that this proposition has

---

**1.** The factual background of the case is set out fully in *People v. Stamps*, 108 Ill.App.3d 280, 63 Ill.Dec. 919, 438 N.E.2d 1282 (1982). Only facts pertinent to the constitutional issues are mentioned here.

**2.** "Tr." refers to the trial court transcript in *People v. Stamps*, No. 78–4512, Circuit Court of Cook County, Illinois (August 20, 1980).

been proved beyond a reasonable doubt as to a defendant, then you should find that defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that this proposition has not been proved beyond a reasonable doubt as to a defendant, then you should find that defendant not guilty. [State's No. 16 (non-IPI)].

The Illinois Appellate Court held that the trial court's decision to refuse Stamps' "mere presence" jury instruction was proper under Illinois law. The appellate court found that the jury instructions given incorporated Stamps' theory of defense and adequately informed the jury of the parties' theories of the case. *People v. Stamps,* 108 Ill.App.3d 280, 297, 63 Ill.Dec. 919, 438 N.E.2d 1282 (1982). The appellate court reasoned that the jury was aware that Stamps' mere presence would be insufficient to convict him of possession and delivery of narcotics. *Stamps,* 108 Ill. App.3d at 298, 63 Ill.Dec. 919, 438 N.E.2d 1282.

## II. *DISCUSSION*

■ Generally, in a habeas corpus action where the petitioner alleges constitutional error due to the trial court's refusal to allow a defense instruction, the constitutional question is limited to whether the petitioner sufficiently alleges a "fundamental defect which inherently results in a complete miscarriage of justice." *U.S. ex rel. Peery v. Sielaff,* 615 F.2d 402, 404 (7th Cir.1979); *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). In this case, whether the trial court's decision was correct as to an omission of a jury instruction under Illinois law is not an issue properly before this Court on a habeas corpus petition. *U.S. ex rel. Waters v. Bensinger,* 507 F.2d 103, 105 (7th Cir.1975). The question before this Court is whether the omission of Stamps' requested jury instruction—mere presence in a room where narcotics are found is insufficient to prove possession—by itself, so infected the entire trial that the resulting conviction violated due process. *See Peery,* 615 F.2d at 404 (*quoting Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396,

400, 38 L.Ed.2d 368 (1973). By raising this issue in a federal habeas corpus petition, the burden upon Stamps is "especially heavy" because an omission of a jury instruction is less likely to be prejudicial than a misstatement of law. *Peery,* 615 F.2d at 404 *quoting Henderson v. Kibbe,* 431 U.S. 145, 155, 97 S.Ct. 1730, 1737, 52 L.Ed.2d 203 (1977).

■ In his petition, Stamps claims that his constitutional rights were violated when the trial judge refused to instruct the jury as to the law and as to how to view his theory of defense. Stamps cites several authorities for the proposition that a defendant is entitled to have a jury consider any defense that has some foundation in the evidence. It is undisputed that both parties are entitled to appropriate instructions which present their respective theories of the case, if such theories are supported by evidence. *People v. Unger,* 66 Ill.2d 333, 5 Ill.Dec. 848, 362 N.E.2d 319 (1977). But even though the omission of a jury instruction may be a proper issue under Illinois law, it does not necessarily follow that the omission of Stamps' "mere presence" instruction amounts to a complete miscarriage of justice which violates due process.

By following the instructions as given by the trial court the jury had to find, beyond a reasonable doubt, that Stamps knowingly possessed a controlled substance. The jury instructions as given, in part, were:

Possession is a voluntary act if the offender knowingly procured or received the thing possessed, or was aware of his control thereof for a sufficient time to have been able to terminate his possession. [State's No. 11, Illinois Pattern Jury Instructions, Criminal, No. 4.15 (1968)].

Possession may be actual or constructive. When a person knowingly has direct physical control over a thing, he or she is then in actual possession. A person who lacks actual physical possession of a thing but who has control over the area where a thing is found, (either di-

rectly or through another person) is then in constructive possession.

Such control may be shared jointly with others and still be exclusive. [State's No. 15 (non-IPI)].

To make such a finding the jury must necessarily find that Stamps was not "merely present" at the scene of the crime. As the Illinois appellate court correctly observed:

Further, [the trial judge] informed the jury that if it found Billy [Stamps] knowingly exercised immediate and exclusive control over the narcotics, he was guilty of illegal possession. Conversely, the jury also was informed that if Billy did not knowingly exercise immediate control, he was not guilty. Thus, we believe the jury was fully aware that Billy's "mere presence" was insufficient to convict....

*People v. Stamps,* 108 Ill.App.3d 280, 298, 63 Ill.Dec. 919, 438 N.E.2d 1282 (1982).

Stamps relies on *Taylor v. Kentucky,* 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978), as authority for his habeas corpus petition. In *Taylor* the Supreme Court held that the trial court's omission of the petitioner's requested "presumption of innocence" instruction resulted in a violation of the right to a fair trial as guaranteed by the due process clause of the fourteenth amendment. *Taylor,* 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468. The Court found that a combination of "skeletal" jury instructions, inappropriate opening and closing arguments by the prosecutor, and repeated suggestions that the petitioner's status as a defendant tended to establish his guilt created a genuine danger that the jury would convict the petitioner on the basis of extraneous considerations, rather than on evidence introduced at trial. *Taylor,* 436 U.S. at 486, 98 S.Ct. at 1935.

Stamps, however, does not make any of these allegations in his petition. The Supreme Court in *Taylor* did not address the issue of an omitted jury instruction as to theory of defense. The major issue addressed by the Court in *Taylor* was whether the jury convicted the petitioner on the basis of extraneous considerations, rather

than on evidence introduced at trial. *Taylor,* 436 U.S. at 488, 98 S.Ct. at 1936. Therefore, this Court holds that the *Taylor* decision does not support the proposition that the omission of Stamps' "mere presence" jury instruction violated Stamps' due process rights.

■ In sum, this Court does not review the question of whether, under Illinois law, the rejection of the petitioner's "mere presence" instruction was warranted. The Illinois Appellate Court concluded that it was not. This Court's inquiry is limited to determining whether the trial court's failure to give the "mere presence" instruction amounted to a "fundamental defect which inherently resulted in a complete miscarriage of justice." To meet this standard the petitioner must show that the omission of the jury instruction itself so infected the entire trial that the resulting conviction violated due process under the fourteenth amendment. Based on a review of the trial record, Stamps has failed to sustain his "especially heavy" burden of establishing constitutional error. *Peery,* 615 F.2d at 404 *quoting Henderson v. Kibbe,* 431 U.S. 145, 155, 97 S.Ct. 1730, 1737, 52 L.Ed.2d 203.

### CONCLUSION

For the reasons stated above, the State's motion for summary judgment is granted. Accordingly, the petition for writ of habeas corpus is hereby dismissed.

IT IS SO ORDERED.