William Fedors, Plaintiff-Appellee, v. Adelle O'Brien,
d/b/a O'Brien Fuel Company, Defendant-Appellant.

Gen. No. 48,787.

First District, First Division.

March 11, 1963.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (John M. Moelmann and D. Kendall Griffith, of counsel), for appellant.

Conrad G. Verges and George B. Collins, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This is an action of tort for personal injuries resulting from a collision involving the automobile of plaintiff, William Fedors, and a truck owned by defendant, Adelle O'Brien, doing business as O'Brien Fuel Company. The jury returned a verdict awarding plaintiff $1,000 damages and defendant appeals from the judgment entered for that amount.

The collision occurred about twelve noon, December 19, 1958, on 49th Avenue, a north and south street in Cicero, Illinois, just south of 22nd Street. Fedors, who owned a 1952 DeSoto, was southbound on 49th Avenue. He testified that the weather was dry with no snow on the ground at the time and that there was no traffic on the street. When he first observed defendant's truck, it was facing west, backed towards an apartment building, the front wheels on the street, the rear about three feet from the building. Fedors described 49th Avenue as a narrow street, twelve to fifteen feet wide, without room for two cars to pass. He stated his speed to be about ten to fifteen miles per

408

hour and as he approached the truck, he noticed that it was moving. Although he applied his brakes, he was unable to avoid the truck as it rolled forward. The truck struck the car's left front fender and pushed the car toward the curb. Fedors sustained injuries to his left knee, wrist and thumb.*

The truck's driver and his assistant testified for defendant. Their testimony was substantially the same. The truck was delivering coal to an apartment building and the driver, Edward J. Nellissen, had backed the truck to a position where it was facing west, perpendicular to the street. James Lee Mallett, Nellissen's assistant, testified he had placed blocks under the back wheels and that his job was to watch traffic. He said he noticed plaintiff approach and stated plaintiff's speed to be about fifteen to twenty miles per hour. He said he motioned for plaintiff to slow down and the plaintiff appeared to put on his brakes, but was unable to stop and slid into defendant's parked truck. Mallett described the street as a "little slick" and covered with "a little ice." Snow was said to be banked against the curb. Nellissen described the condition of the street as wet and slippery with snow on it.

Defendant complains of three errors in this appeal. First, defendant contends the trial judge erred in refusing to admit into evidence a United States Weather Bureau weather report. Second, it is contended the trial court erred in refusing to grant a new trial after it was discovered that the jury had taken a blackboard into the jury room during deliberations. Third, defendant contends the trial judge erred in allowing three witnesses to testify on behalf of plaintiff although plaintiff had not given their names to defendant in answer to an interrogatory.

---

* Plaintiff has not sought, in this action, to recover for the damage to his car.

■ The weather report offered in evidence by defendant gave the local climatological data for December of 1958 and was certified to by a meteorologist. Defendant argues that this exhibit materially supports defendant's version of the weather conditions at the time of the accident and thereby buttresses defendant's contention that plaintiff's car slid into defendant's truck. Defendant insists that the exhibit is a government record and thus, it was not necessary to produce a custodian to explain the contents of the exhibit.

Defendant relies strongly on Bell v. Bankers Life & Cas. Co., 327 Ill App 321, 64 NE2d 204. There, the age of an assured was a controverted issue and the Cook County Hospital records showing his age were introduced in evidence. However, the difference in the record in the Bell case and the record in the instant case is material. The exhibit here, unlike that in Bell, is, in our opinion, confusing as to the weather on the date in question for the area concerned. Only one page of the three page exhibit concerns the weather in Cicero and that page states precipitation for December 19th to be a trace, an amount too small to measure. (What is an amount too small to measure is not stated, but the report does show that precipitation can be measured if it amounts to as much as one one-hundreth (0.01) of an inch.) The report states that precipitation for the day preceding the accident was zero. While this might tend to lend greater support for defendant's version as to the weather conditions on the day of the accident, a close examination of the report reveals that the time period covered is not the usual midnight to midnight, but rather, from 7:00 p. m. to 7:00 p. m. Thus, if the reading for the 19th actually starts at 7:00 p. m. on the 19th, there would not have been precipitation until some seven hours

410

after the accident. This would support plaintiff's contention that the ground was dry at the time of the accident. After a careful examination of the exhibit, we believe that it did not have probative value and the trial judge properly refused to admit the document in evidence under the circumstances.

■ ■ Defendant next contends that a blackboard upon which a doctor, testifying on behalf of plaintiff, drew a diagram of a knee during the course of his testimony was taken into the jury room without the consent of the attorneys or the court. The blackboard had not been offered in evidence. Defendant contends this is basis for ordering a new trial. It is well settled, as contended by defendant, that objects not admitted in evidence may not be sent to the jury room while the jury is deliberating and it is not necessary to cite supporting cases on that point. The record reveals that defense counsel interviewed the jurors on the matter of the blackboard and affidavits of two jurors were submitted along with defendant's motion for a new trial. These affidavits explained that the jurors requested a blackboard so that they might be able to diagram the accident. The blackboard delivered was that used by the doctor. One affidavit stated the diagram of the knee was still on the slate when it was taken to the jury room, but was immediately erased.

While the court should zealously guard the deliberations of the jury, we cannot say, as contended by defendant, that this incident emphasized plaintiff's case. We cannot help but note that defendant does not raise the issue of excessive damages nor does it appear that the award is excessive. Yet that is the only prejudicial effect the diagram could have. The diagram of the knee could not be said to sway the jury in determining liability. The factual circumstances here cannot be compared with the situation in Trohey v. Chi-

411

cago City Ry. Co., 168 Ill App 1, where newspapers containing articles charging defendant with jury bribing were taken into the jury room.

 Finally, it is claimed that error was committed in permitting three witnesses to testify over defendant's timely objections. Prior to trial, defendant had propounded interrogatories to plaintiff requesting the names and location of persons known to plaintiff to have knowledge of facts relevant to the occurrence. The three witnesses objected to were not included in the answers to the interrogatories. The witnesses were the garage owner who repaired plaintiff's car and who testified as to the damage to the car, plaintiff's wife who was not present when the accident occurred, but who testified as to plaintiff's injuries, and a rebuttal witness who gave testimony concerning the nature of the street's paving.

The first interrogatory requested the names of all persons who were present at the scene of the accident immediately before, during or after the occurrence. The three witnesses would not fall in this category and no objection is made to the answer given.

The second interrogatory requested the identity and location of all persons having knowledge of facts relevant to the occurrence. In Reske v. Klein, 33 Ill App 2d 302, 179 NE2d 415, the trial court excused the party from answering such an interrogatory and we affirmed. We stated that such an interrogatory "called for a conclusion on the part of [the questioned party] as to what facts were relevant to the incident, . . . ." 33 Ill App2d at p 306, 179 NE2d 415. Here, no objection was made to the interrogatory at the time it was propounded, as was done in Reske, but an answer was given omitting the names of the three witnesses named above. We do not feel this to be a vital distinction. If defendant desired the names of parties having knowledge of the nature of the car's damage or the

nature of plaintiff's injuries, interrogatories could have been so framed. When specific interrogatories are asked, the opposing counsel can test, before trial, whether the matter requested is privileged or not contemplated by Rule 19–11. See Krupp v. C. T. A., 8 Ill2d 37, 132 NE2d 532, and Hruby v. C. T. A., 11 Ill2d 255, 142 NE2d 81, as to the form of interrogatory to be used. As we said in Reske, interrogatories calling for a conclusion on the part of opponent or his counsel should not be used. We conclude that the trial judge here properly allowed the three witnesses to testify.

We find no reversible error to have occurred and, therefore, the judgment below is affirmed.

Affirmed.

MURPHY and ENGLISH, JJ., concur.