Frank J. Carlson, Plaintiff-Counter-Defendant-Appellee, v. Herbert Healey and Highland Lumber and Fuel Company, an Illinois Corporation, Defendants-Counter-Plaintiffs-Appellants.

Gen. No. 65–63.

Second District.

April 18, 1966.

Thomas and Kostantacos, of Rockford, for appellants.

Kenneth Palmer and Wilbur E. Johnson, both of Rockford, for appellee.

MR. PRESIDING JUSTICE ABRAHAMSON delivered the opinion of the court.

On January 12, 1963, at about 11:00 a. m., plaintiff, Frank J. Carlson, was northbound in an automobile on 15th Street approaching the intersection of 6th Avenue in Rockford, Illinois. The defendant, Herbert Healey, was eastbound on 6th Avenue approaching the intersection in an automobile owned by his employer, the defendant Highland Lumber and Fuel Company. The intersection was not controlled by stop signs or other traffic control signals. A collision occurred. The plaintiff filed suit for his personal injuries and property damage and the corporate defendant counterclaimed for its property damage. The case was tried before a jury with the verdict being in favor of the plaintiff against both defendants in the amount of Four Thousand One Hundred Sixty-One ($4,161) Dollars, and against the corporate counterclaimant on the counterclaim. The court entered judgment on the verdict and denied a post-trial motion. Defendants and counterclaimant appealed charging several errors both in the taking of the discovery depositions of the plaintiff and during the trial.

239

During the discovery deposition of the plaintiff he refused to answer several questions on the advice of counsel. These questions are as follows:

1. Now, considering these two payments that you had made, do you know what the remaining balance was at that time?

2. Now tell me how you know it (the horn) was working?

3. Do you know of anyone that will say Mr. Healey failed to keep a proper or any lookout ahead for you or someone else in your car?

4. Do you know of anyone that will say that Mr. Healey failed to yield the right-of-way to your automobile as he was approaching this intersection?

5. Do you know of anyone that will say that Mr. Healey failed to decrease the speed of his automobile as he approached this intersection?

6. Will you or will anyone else say that he was in any other manner driving his automobile in a negligent, careless or improper manner?

Defendants moved to compel answers to the questions propounded. After the motion was heard and denied, they thereafter moved to exclude all evidence pertaining to various allegations of negligence set forth in the complaint. This motion was likewise denied.

Appellee contends that the propriety of the taking of the depositions is not preserved for appeal because the deposition was never filed with the clerk and never became a part of the record in the case. Also, that the praecipe for record did not direct the inclusion of the deposition and further the evidence and arguments presented on the motion to compel answers were not incorporated in the record.

■ We note that the deposition of the plaintiff consisted of 70 pages and that of his wife, 40 pages. We also note that an extract of the transcript of the deposition was incorporated in the motion to compel answers and is contained in the record. We feel that the alleged errors are adequately preserved in this manner to receive our consideration.

■ An analysis of the questions indicated that the first question is directed at determining the balance due on a loan which plaintiff had made to finance the purchase of the automobile. We fail to see any reason for this question since the ownership by the plaintiff of his automobile was admitted in defendants' answer and the parties ultimately stipulated as to the amount of the damage to the respective vehicles. We find no error in the court sustaining plaintiff's refusal to answer this question.

■ The second question was addressed to plaintiff after he had previously testified during the deposition that the horn had been working at all times, that he never knew it not to work and that he was sure it was working. After this extensive questioning we feel that the second question was only argumentative and the court properly sustained the refusal to answer.

The remaining four questions are all essentially of the same nature, that is, requesting the plaintiff to state whether he knew anyone who would say that the defendant Healey was guilty of an ultimate allegation of negligence contained in the complaint.

Illinois Supreme Court Rule 19–4 (c 110, § 101.19–4, Ill Rev Stats, 1963) provides:

> "Upon a discovery deposition, the deponent may be examined regarding any matter, not privileged, relating to the merits of the matter in litigation, whether it relates to the claim or defense of the examining party or of any other party, including . . . the

identity and location of persons having knowledge of relevant facts . . . ."

 It has been held that Illinois rules of discovery are a comprehensive set of rules designed to provide an effective and broad discovery deposition practice for Illinois. Coutrakon v. Distenfield, 21 Ill App2d 146, 152, 157 NE2d 555 (1959). Questions asked at a discovery deposition are not limited to matters admissible in evidence. People ex rel. Terry v. Fisher, 12 Ill2d 231, 237, 145 NE 2d 588 (1957). Ever since the 1956 opinion of the Illinois Supreme Court in Krupp v. Chicago Transit Authority, 8 Ill2d 37, 41, 132 NE2d 532, discovery deposition has been an appropriate method of determining the names and addresses of persons who have firsthand knowledge of the occurrence relating to the litigation.

 There are, however, certain limitations upon the questions which may be put to a party in a discovery deposition. Section 58 of the Civil Practice Act (c 110, § 58(3), Ill Rev Stats) provides that a party shall not be required to divulge the names of witnesses he intends to call. There is also the commonsense rule that a lay party should not be required to reach legal conclusions as to the effect of the testimony which other witnesses might give. Fedors v. O'Brien, 39 Ill App2d 407, 413, 188 NE2d 739 (1963); Reske v. Klein, 33 Ill App2d 302, 306 (1962); and American Oil Co. v. Penn Petroleum Co., 23 FRD 680.

 We feel that counsel should and did in this case have full opportunity to interrogate witnesses on discovery deposition as to facts, however, we feel that the questions framed in the "who will say" manner violate both the rule forbidding the disclosure of witnesses who will be called at the trial and the rule excusing the lay witnesses from being required to give legal conclusions. We feel that the circuit court judges who ruled on defendants' pretrial motions properly denied these motions.

242

██ Appellant charges that the court erred in refusing four instructions being defendants' Instructions Nos. 14, 19, 21 and 24. No error with respect to Instruction 14 was claimed in defendants' post-trial motion and the point has accordingly been waived. Ill Rev Stats, c 110, § 68.1(2).

██ ██ The subject matter of defendants' Instruction 19 was adequately covered by defendants' Instruction 20 which was given. Defendants' Instruction No. 21 is a sudden and eminent danger instruction which was marked "refused" by the court as having been covered. There was no justification for this instruction to be given. See Committee Comment IPI, page 80.

██ Defendants' Instruction 24 purports to be an instruction on the issues of the counterclaim. This instruction contains matters which the trial court found not to be substantiated by the evidence and the trial court found the subject matter of the instruction covered by plaintiff's Instruction 6. We feel that plaintiff's Instruction 6 states the issues of the complaint, but fails to cover the matters referred to in defendants' Instruction 24. However, since the property damages suffered by the counterclaimant were stipulated to and since the jury returned a special verdict which found plaintiff and counterdefendant Frank J. Carlson not negligent, we feel that any error in the failure to give defendants' Instruction 24 was not prejudicial.

██ Appellant next urges error in the admission of certain doctors' and hospital bills without evidence as to payment or reasonableness thereof. This error was not urged in the post-trial motion and may not now be urged on review. Chapter 110, § 68.1(2), Ill Rev Stats.

Appellants further urge that the verdict was contrary to the manifest weight of the evidence. The plaintiff and his wife testified that the defendant's vehicle entered the intersection traveling 35 or 40 miles per hour; however, plaintiff stated in the insurance claim form that both cars

were proceeding at a slow rate of speed. He also stated in the same form that he had received no personal injuries, but then testified that, although he did not feel any pain at the scene of the accident or shortly thereafter, he did eventually experience pain and suffering in the cervical area of his back. The plaintiff's wife also testified at the trial that the road conditions were good; however, in her discovery deposition she had stated that there was ice on the street and it was snowing at the time of the occurrence.

On the other hand, the defendant Healey recalled very little about the accident although he had traveled on the particular street in question numerous times.

While it is true that conflicting statements were elicited from the plaintiff, we are not prepared to say from our review of the record that the verdict of the jury was contrary to the manifest weight of the evidence nor that the damages awarded were excessive. To do so, we would be substituting our judgment for that of the jury who heard and saw the witnesses testify.

Appellants next complain about the misconduct of plaintiff's counsel during the trial. Appellants' brief sets forth in great detail several items claimed to constitute misconduct by plaintiff's counsel. We have reviewed each element of this argument carefully and find that most of the matters therein referred to are insignificant and trivial in nature and not worthy of comment here. The only matter which does deserve comment is the question of the insertion of insurance into the trial.

During the cross-examination of the plaintiff he was interrogated about a claim form which had been filled in by his daughter at his direction and signed by him. On redirect examination, the following occurred:

> "I see Defendants' Exhibit 1 which is the statement which Mr. Traum was talking about, I see up there in the corner C and F. Do you know what that stands for?

A. No, I don't.

Q. You don't know what that is?

A. No.

Q. Do you recall anything being said which induced you to fill out this form?

A. Yes.

Q. What was that?

A. I don't know—Mr. Traum or someone from the insurance company said to my son if I fill out that form they will settle the claim, but the minute they get the claim in their hands they say 'No, we don't pay.'

Mr. Traum: Your Honor, I am going to move for a mistrial on the basis of that testimony and I would like to be heard on it outside of the presence of the jury.

Mr. Palmer: Your Honor, you are familiar with many cases which say if they want to throw that thing open—

Mr. Traum: I would like to explain this outside the presence of the jury.

The Court: Yes, I will give the jury a recess anyway. I will hear you."

The court denied the motion for a mistrial but did admit the document into evidence at defendants' request.

During closing arguments counsel for the plaintiff made the following comments to which no objection was made:

"There are several things Mr. Traum has said that I would like to comment about. The first one I want to talk about is that little piece of paper. You heard Mr. Carlson explain on the stand when Mr. Traum

245

talked to him, cross-examined him, getting the facts of the matter, and I think you heard the truth of the matter on that and when I mentioned it I got in trouble and I don't think I'm going to do it so far as to say it again, but you remember what Mr. Carlson said about that piece of paper."

And later:

"You know that exhibit and I would like to give you the facts on it, but Mr. Traum does not want to and I got in trouble for doing that once."

"Mr. Traum: Again and one more comment like that and I will move for a mistrial.

The Court: Objection sustained."

Defendant's Instruction No. 8 in the language of Illinois Pattern Jury Instruction No. 2.13 was given. This instruction was as follows:

"Whether a party is insured has no bearing whatever on any issue that you must decide. You must refrain from any inference, speculation, or discussion about insurance."

The dangers inherent upon the intentional or unintentional insertion of the issue of insurance in the personal injury litigation have been commented upon many times by courts of review in Illinois. See Guardado v. Navarro, 47 Ill App2d 92, 197 NE2d 469 (1964) and cases cited therein; Reed v. Johnson, 55 Ill App2d 67, 204 NE2d 136 (1965); Sphatt v. Tulley, 38 Ill App2d 229, 186 NE2d 670 (1962) and Seyferlich v. Maxwell, 28 Ill App2d 469, 171 NE2d 806 (1961), see also Committee Comment to IPI No. 2.13.

 While it might be argued in the case at bar that the original statement of the plaintiff during redirect examination concerning insurance was unintentional, still we feel that the remarks of plaintiff's counsel during

246

rebuttal argument were intentional. There was no foundation in the evidence for these comments. This is not a case where plaintiff's counsel qualified under the exception to the rule relating to injection of insurance coverage into a trial. Guardado v. Navarro, supra, 101. Had plaintiff's counsel on redirect examination elicited from the plaintiff the fact that the person for whose benefit the statement was given had an interest in the defense of the litigation, then comments *on this fact* in closing arguments would have been proper. Such is not the case before us; and consequently, prejudicial error was committed.

Because of the conclusion reached, the case must be reversed and remanded for a new trial.

Reversed and remanded.

DAVIS, J., concurs.

MORAN, J., dissenting.

In this case I feel that the reference to insurance by the plaintiff in redirect examination was an irresponsive answer to a question put to plaintiff by his counsel in explanation of defendant's Exhibit No. 1 being a written statement. The statement itself was introduced into evidence and counsel for the defendant argued upon it in his closing statement of defense. The first reference to the statement was made without objection. The second reference to the statement, although not technically an objection, was treated as an objection by the court and sustained. I feel that the argument of counsel, although erroneous for not complying with the rules of evidence as stated in the majority opinion, was nevertheless harmless error and not prejudicial error. This view is fortified by the fact that the court gave the instruction and by doing so constituted a proper treatment of the situation. I, therefore, conclude that the case should be affirmed.